IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| David Royal Lee,<br><br>         Plaintiff,<br><br>v.<br><br>Town of Fort Mill; Police Officer Robert Giglio, *officially and individually*; Police Officer Royce Clack, *officially and individually*;<br><br>         Defendants. | C/A No. 0:15-3546-JFA<br><br><br><br>**ORDER** |

## I.   INTRODUCTION

The plaintiff, David Royal Lee, ("Lee" or "Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants for their role in shooting Plaintiff's dog, "T," and Plaintiff's subsequent arrest. Plaintiff has also asserted various state law claims. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that the defendants are entitled to summary judgment on Plaintiff's federal constitutional claims and his remaining state law claims should be remanded to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

state court.² (ECF No. 31). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on September 30, 2016. Plaintiff filed objections to the Report on October 31, 2016, (ECF No. 35), and Defendants filed a response on December 2, 2016. (ECF No. 38). Thus, this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**II.    DISCUSSION**

Here, Plaintiff makes generalized objections to the dismissal of both federal constitutional claims discussed within the Report. Although vague, specific objections are discernable within Plaintiff's memorandum. However, each objection is without merit.

---

² The defendants removed this action from the York County Court of Common Pleas on September 3, 2015.

### A. False Arrest and False Imprisonment

After Officer Robert Giglio shot Lee's dog, Lee placed the dog into his car, maneuvered around several law enforcement vehicles by driving onto his neighbor's yard and sped off. (ECF No. 31 p. 4). Officer Royce Clack followed behind Lee and observed him make an illegal U-turn in front of another car on a busy two-lane road. *Id.* Lee finally pulled over after Clack ordered him to do so on his loud speaker. *Id.* This pursuit was captured on Clack's dashboard camera. *Id.* Clack then arrested Lee for reckless driving. *Id.* Lee alleges that Clack lacked probable cause for this arrest and therefore violated his constitutional rights by falsely arresting him. The Magistrate Judge disagreed and concluded that the record contained sufficient probable cause to support an arrest.

In response to the Magistrate Judge's recommendation that Lee's claim for False Arrest and False Imprisonment be dismissed, Lee sets forth two discernable objections. Initially, Plaintiff notes his dissatisfaction that several "affidavits regarding the driving of the plaintiff were not discussed in the Report and Recommendation." (ECF No. 35 p. 5). However, Plaintiff cites to no authority that requires the court to utilize every affidavit or supporting document offered when ruling on a motion for summary judgment. Additionally, the Magistrate Judge did cite to multiple affidavits contained in the record as well as undisputed video footage from Officer Clack's dash cam. (ECF No. 31). Moreover, the Supreme Court has commented on the use of undisputed dash cam video footage by stating that the court should view "the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). Therefore, the Magistrate Judge did not err in choosing not to discuss all affidavits submitted by Plaintiff, especially when they were clearly contradicted by video footage. *See id.* ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Plaintiff additionally argues that "it is debatable that the officer had probable cause to arrest for reckless driving, given the facts set forth by the plaintiff." (ECF No. 35 p. 5). However, the record clearly shows that Officer Clack had sufficient probable cause to arrest Lee for reckless driving. "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *Michigan v. DeFilippo*, 443 U.S. 31, 37 (1979)). It requires more than bare suspicion, but less than evidence necessary to convict, *Porterfield*, 156 F.3d at 569, and the determination of whether probable cause exists is reviewed under the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). Additionally, South Carolina law states that "[a]ny person who drives any vehicle in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." S.C. Code Ann. §56-5-2920.

As clearly indicated by the record (including video footage) and thoroughly analyzed by the Magistrate Judge, Lee was seen driving onto his neighbor's private property, speeding off, and conducting an illegal U-turn in front of an oncoming car on a busy road. (ECF No. 31 p. 16). These facts clearly provided Officer Clack with "more than a bare suspicion" that Lee was driving recklessly in violation of the South Carolina statute. Therefore, Lee's objection to the existence of probable cause is without merit.

### B. Fourth Amendment Unreasonable Seizure Claim

Plaintiff objects to the Magistrate Judge's recommendation that his claim for unreasonable seizure under the Fourth Amendment for the shooting of his dog be dismissed. Plaintiff's objections consist mainly of vague and various arguments that amount to a rehashing of those arguments set forth in opposition to the Defendants' motion for summary judgment and are not specific objections to the Report. Indeed, many of the "objections" were directly addressed in the Report. However, the Court will address those issues raised by Plaintiff.

Initially, Plaintiff again expresses his displeasure with the failure to utilize three of the five affidavits submitted by the Plaintiff. (ECF No. 35 p. 1). Again, Plaintiff cites no authority requiring the Court to utilize every supporting document submitted by the parties. Moreover, the Magistrate Judge prepared a thorough recitation of the facts, construing them in the light most favorable to the Plaintiff. (ECF No. 31). Almost every assertion set forth in the in-depth background recitation was supported by a citation to multiple sources found within the record. *Id.* Therefore, Plaintiff's objection is without merit.

The remainder of Plaintiff's scattered objections center on the factual and legal analysis pertaining to the Magistrate Judge's overall finding of "reasonableness" of Officer Giglio's actions. It is undisputed that Officer Giglio's shooting of Lee's dog was a seizure under the Fourth Amendment. A claim that a law enforcement officer improperly seized a plaintiff's effects with force is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. *Altman v. City of High Point*, 330 F.3d 194, 205 (4th Cir. 2003). Plaintiff argues that "under a totality of the circumstances, the officers' actions were objectively . . . unreasonable" for several reasons. (ECF No. 35 p. 2).

Plaintiff states that the "Court seems to take as a given that the dogs were pit bulls." Not so. The Magistrate Judge clearly noted the dispute as to the actual breed of the dogs. (ECF No. 31 n.5). However, the Court correctly concluded that the actual breed was not relevant because the officer's reasonable perception of the breed was controlling on the reasonable analysis. *Id.* Here, the record indicated that the dog's perceived breed of pit bull was reasonable under the circumstances. *Id.*

Additionally, Plaintiff states the Court "ignored the fact that Officer Giglio was texting on his phone as he approached the plaintiff's residence." (ECF No. 35 p. 2). After reviewing the record, it is clear that this fact is completely irrelevant and affects the Magistrate Judge's analysis in no way. Therefore, its effect on a finding of reasonableness is non-existent and this objection is without merit.

Plaintiff also objects to the comparison of the facts in this case to those analyzed in the case of *Altman v. City of High Point*, 330 F.3d 194 (4th Cir. 2003). In *Altman*, two dogs running at large and unsupervised were shot and killed. *Id*. Here, Plaintiff alleges that the facts are disputed as to whether his dog ever left his property when it was shot and this fact should be resolved in favor of Plaintiff. (ECF No. 35 p. 2). Despite Plaintiff's erroneous contention, the Report clearly indicates that this fact was construed in favor of the Plaintiff. The Magistrate Judge even acknowledged the factual difference between the case at bar and *Altman*, just as the Plaintiff requested. (ECF no. 31 p. 9) ("But in a significant difference from the incidents in Altman, Lee's dogs were on their owner's property when they started running toward Officer Giglio, rather than running in a purely public space."). Therefore, Plaintiff's objection is without merit.

Plaintiff argues that Officer Giglio had the "less restrictive alternative . . . of getting back in his police car" as opposed to shooting his dog. (ECF No. 35 p. 3). However, the Magistrate

6

Judge addressed this argument by analyzing the pertinent facts, including quick time frame and unexpected, fast-approaching, large breed dogs. The Magistrate Judge ultimately concluded that "Officer Giglio's failure to use less intrusive means to protect himself from Lee's dogs does not, under the facts presented, render the seizure objectively unreasonable." (ECF No. 31 p. 15). Therefore, this rehashing of an argument adequately addressed by the Magistrate Judge is without merit.

Plaintiff states that the dog killed had no bite history, was good with children and was a boxer mix. He argues that Officer Giglio's misinterpretation of breed and potential nature of the dog is objectively unreasonable. (ECF No. 35 p. 3). However, unknown factors such as bite history are irrelevant to an analysis of reasonableness. *See Waterman v. Batton*, 393 F.3d 471, 478 (4th Cir. 2005) ("Of course, the critical reality here is that the officers did not have even a moment to pause and ponder these many conflicting factors."). Additionally, evidence within the record indicates that Giglio reasonably believed that the dog was a pit bull. (ECF No. 31 n. 5).

Lastly, Plaintiff "objects to the point that the lack of training of the Fort Mill Police Department with its officers, regarding police-dog encounters, was not discussed or analyzed." (ECF No. 35 p. 4). Plaintiff is correct that this point was not analyzed within the Report. However, this point becomes moot upon a finding that no constitutional violation has occurred, as is the case here. *See Altman v. City of High Point*, 330 F.3d 194 (4th Cir. 2003). Therefore, this objection is also without merit.

### III.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and

Recommendation (ECF No. 31). Plaintiff's federal constitutional law claims are dismissed and the remaining state claims are to be remanded back to the York County Court of Common Pleas.

IT IS SO ORDERED.

December 15, 2016                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge